[Cite as *Lemarr v. Lemarr*, 2011-Ohio-3682.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MELISSA M. LEMARR, | : | APPEAL NO. C-100706 |
| | | TRIAL NO. DR-0901380 |
| Plaintiff-Appellee, | : | |
| | | *D E C I S I O N.* |
| vs. | : | |
| | | |
| VIRGIL H. LEMARR, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas, Domestic
      Relations Division

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal:  July 29, 2011

*Cohen, Todd, Kite & Stanford, LLC,* and *Jeffrey M. Rollman*, for Plaintiff-Appellee,

*Moskowitz & Moskowitz, LLC,* and *James H. Moskowitz,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SUNDERMANN, Presiding Judge.**

{¶1}   Virgil Lemarr appeals from the decree of divorce entered by the Hamilton County Court of Common Pleas, Domestic Relations Division.   We conclude that the trial court erred when it awarded Melissa Lemarr attorney fees of $17,000, so we modify the judgment and enter judgment in the amount of $15,000 for attorney fees to Melissa Lemarr.  In all other respects, we affirm the judgment of the trial court.

{¶2}   Virgil and Melissa Lemarr were married in 1999 and had two children.  In August 2007, Melissa filed for divorce, and she moved out of the family home in November 2007.  Melissa dismissed that divorce complaint in February 2008 because the parties were attempting to mediate the issues related to the divorce.  On April 8, 2009, Virgil and Melissa signed an agreement that stated, in part, the following:  "As of this date 04-08-09, both parties agree that their marriage is over without any chance of reconciliation."  Melissa filed the divorce complaint that is the subject of this appeal in June 2009.

{¶3}   A hearing for a final determination of the issues was held on July 6, 2010, and July 8, 2010.  At the conclusion of the hearing, the trial court issued a final entry with findings of fact and conclusions of law that determined a de facto termination date of the marriage of April 8, 2009, divided marital property, and awarded Melissa $17,000 in attorney fees.   A decree of divorce incorporating the trial court's findings and conclusions was entered by the court on September 24, 2010.  This appeal followed.

{¶4}   In his first assignment of error, Virgil asserts that the trial court erred when it determined that April 8, 2009, was the de facto termination date of the

marriage. Under R.C. 3105.171(A)(2), the termination date of a marriage is the date of the final hearing in a divorce, or if the trial court determines that that date would be inequitable, "the court may select dates that it considers equitable in determining marital property." We review the trial court's determination under an abuse-of-discretion standard.[1] Virgil contends that the de facto termination date of the marriage should be November 1, 2007, when Melissa moved out of the family home ("the Reily Avenue home") and into the family's other home ("the Forest Avenue home"). But evidence was presented to demonstrate that, even after Melissa had moved out, the Lemarrs had remained financially intertwined. Virgil had made payments on a credit card that was in Melissa's name, and the Lemarrs had divided rental income from the Reily Avenue home. Virgil also testified that he had continued to pay for Melissa's term life insurance after she had moved out. And as indicated by the agreement signed by the parties, Melissa was covered by Virgil's health insurance until April 8, 2009. We conclude that the trial court did not abuse its discretion when it determined that April 8, 2009, was the de facto date of termination of the marriage. The first assignment of error is without merit.

{¶5}    In his second assignment of error, Virgil asserts that the trial court abused its discretion when it valued assets and liabilities on a date other than the de facto termination date of the marriage. In support of this assignment, Virgil points to the trial court's finding that "[t]here was insufficient evidence adduced to determine that either party was in possession of marital funds on deposit in April of 2009." The parties addressed the division of their joint bank accounts in stipulations presented to the court prior to the hearing. There was no evidence of further marital funds other than those addressed by the court in its decision. "[T]rial courts are

---

[1] *Renz v. Renz*, 12th Dist. No. CA2010-05-034, 2011-Ohio-1634.

vested with broad powers in determining the appropriate scope of property awards in divorce actions."[2] We conclude that the trial court in this case did not abuse its discretion in determining that there were no further marital funds subject to division. The second assignment of error is without merit.

{¶6} The third assignment of error is that the trial court erred when it determined that Melissa's Spectra and Ohio Casualty stocks were part of her brokerage account. Evidence was presented that Melissa had a brokerage account that included stock in Ohio Casualty Corporation, Spectra Energy, and Duke Energy. Although Melissa testified that she had opened the account prior to her marriage to Virgil, the trial court ordered that $286.17 that remained in the account be considered marital property because income from Melissa's photography business had been added to the brokerage account during the marriage.

{¶7} Virgil argued that, in addition to the brokerage account, Melissa had separate stock in Spectra and Ohio Casualty that should have been included as marital property. Virgil contended that two statements from 2007 showed that Melissa had different amounts of Spectra and Ohio Casualty stock than were in her brokerage account. But Melissa testified that she had not purchased stock separately from the account. No evidence of the stock in 2009 was presented. We conclude that the trial court's finding that Melissa did not hold Spectra and Ohio Casualty stock separately from her brokerage account was not against the manifest weight of the evidence.[3] The third assignment of error is overruled.

---

[2] *Berish v. Berish* (1982), 69 Ohio St.2d 318, 319, 432 N.E.2d 183.
[3] See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578.

{¶8} In his fourth assignment of error, Virgil asserts that the trial court abused its discretion by failing to make an equitable division of property. He points to several conclusions by the court that he claims were inequitable.

{¶9} First, he asserts that Melissa was allowed to keep $4,000 of rent from the Reily Avenue home that was Virgil's share of the rent. But there was no evidence that these funds still existed, and the court credited Virgil's spousal support with the $4,000.

{¶10} Virgil also asserts that he was made responsible for all of the marital debt. The evidence did show that Virgil had made payments toward the parties' joint credit cards prior to the de facto termination date. The trial court credited Virgil with the amount that he had paid toward the credit cards and the support payments that he had made to Melissa prior to the de facto termination date, when it determined that Virgil did not owe any further spousal support. As part of the property settlement, Virgil was ordered to pay $6,751 that remained on a Disney credit card, but he was credited with that amount when the court determined the final property settlement. After crediting Virgil with having paid $6,751 of marital debt, the trial court held that Melissa owed Virgil $4,572 to equalize the division of property. We conclude that the trial court did not abuse its discretion in dividing the marital property.

{¶11} In his fifth assignment of error, Virgil asserts that the trial court abused its discretion when it awarded Melissa $17,000 in attorney fees. He first contends that the trial court abused its discretion when it allowed Melissa to present evidence in support of her attorney fees and refused to allow Virgil additional time to

obtain an expert witness. A trial court's admission or exclusion of evidence is subject to review under an abuse-of-discretion standard.[4]

{¶12} On the first day of the hearing, Melissa's attorney sought to present testimony about the reasonableness of Melissa's attorney fees. When Virgil's counsel told the court that he had not seen the fee statement or the accompanying affidavit of Melissa's counsel, the trial court continued the issue of attorney fees for two days to allow counsel to review the statement. Two days later, when the issue was addressed again, Virgil's counsel told the court that he would like time to retain an expert witness to testify about the reasonableness of 26.6 hours of time that was reportedly spent preparing the initial complaint for divorce. Rather than allowing counsel the additional time to retain an expert, the trial court excluded from consideration the 26.6 hours. We conclude that this was an appropriate sanction for failing to disclose the attorney-fees statement prior to the hearing, and that the trial court did not abuse its discretion when it did not grant Virgil a further continuance.

{¶13} Virgil also asserts that the trial court erred when it determined that Virgil should pay $17,000 toward Melissa's attorney fees. We review the court's decision to award attorney fees for an abuse of discretion.[5] In her written closing argument, Melissa requested that Virgil be ordered to pay attorney fees in the amount of $15,166.50, which included $2,000 for the preparation of written closing arguments that had been requested by Virgil. In its entry, the trial court found that Melissa's requested amount of $15,000 for presentation of the case was reasonable. But then the court went on to state, "Further, the Court indicated that the allowance for the written closing as requested by Husband and opposed by Wife would result in

---

[4] See *State v. Sage* (1987), 31 Ohio St.3d 173, 180, 510 N.E.2d 343.
[5] *Zerbe v. Zerbe*, 1st Dist. Nos. C-040435 and C-040036, 2005-Ohio-1180, ¶3. See, also, R.C. 3105.73.

the award of fees to Wife. Wife incurred an additional $2,000 in the preparation of written closing arguments. Given the disparity in income and the length of time this matter has been pending, it is equitable to award Wife with attorney fees. Wife is awarded $17,000 in attorney fees from Husband." We conclude that the trial court did not abuse its discretion when it decided to award attorney fees to Melissa. But it appears that the trial court added $2,000 for the written closing argument to the amount requested by Melissa, even though that amount had already been included in the fee request. Therefore, we conclude that the trial court erred when it awarded $17,000 in attorney fees instead of $15,000. The fifth assignment of error is well taken.

{¶14} In his final assignment of error, Virgil contends that the trial court erred when it denied his motion to withdraw a stipulation related to his retirement account. We review the trial court's refusal to allow Virgil to withdraw the stipulation for an abuse of discretion.[6]

{¶15} On the first day of the hearing, the parties submitted stipulations that were incorporated into the trial court's findings of facts and conclusions of law. As part of that submission, Virgil stipulated that he had a retirement account from his past employment with Northwest Airlines. He further stipulated that Melissa should receive 50% of the balance of the account as of the date of the decree and any appreciation, growth, depreciation, or loss from her share until the date that the balance was actually divided. On the second day of the hearing, Virgil made an oral motion to set aside the stipulation. He argued that he had meant to stipulate that Melissa should receive 50% of the account as of the date of their separation, not the date of the decree. But the stipulation clearly stated that the balance would be

---

[6] *Beagle v. Beagle*, 10th Dist. No. 07AP-494, 2008-Ohio-764, ¶45.

divided as of the decree date. It appears that Virgil changed his mind after realizing that the amount of the balance was greater than he had first thought. We conclude that the trial court did not abuse its discretion in denying Virgil's request to withdraw the stipulation. The final assignment of error is without merit.

{¶16}    Because the trial court erred when it awarded $17,000 to Melissa for attorney fees, we modify that part of the judgment to reflect an award of $15,000. In all other respects, the judgment of the trial court is affirmed.

Judgment affirmed as modified.

**HENDON** and **FISCHER, JJ.,** concur.

Please Note:

The court has recorded its own entry this date.