[Cite as *Randall v. Randall*, 2013-Ohio-707.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LAURA S. RANDALL, | : | APPEAL NO. C-120264 |
| | | TRIAL NO. DR-0400504 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| KEVIN C. RANDALL, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal: March 1, 2013

*Wood & Lamping LLP* and *Anne B. Flottman*, for Plaintiff-Appellee,

*Minnillo and Jenkins Co., LPA,* and *Timothy J. Morris*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal from a judgment of contempt in a domestic relations case. In a separation agreement that was incorporated into a decree of dissolution, Kevin Randall agreed to pay the "college expenses" of his two daughters. The trial court found Mr. Randall to be in contempt for failing to pay some of these expenses. Mr. Randall challenges the trial court's finding as it relates to certain travel, cell phone, and medical expenses, as well as the court's award of attorney fees. We conclude that the trial court did not abuse its discretion in holding Mr. Randall in contempt and in awarding attorney fees to his ex-spouse Laura Randall, but we modify the amount of travel expenses that Mr. Randall must reimburse to purge the finding of contempt because we conclude that some of the travel expenses included in the finding below had already been paid by Mr. Randall.

{¶2} The Randalls dissolved their marriage in 2004. They have two daughters, Leah and Claire, who are both emancipated and in college. Section 6(b) of their separation agreement provides in part that "Father agrees to pay all of both children's college expenses (including, but not limited to, room, board, fees, books, tuition, wardrobe, maintenance and travel) over and above the children's college fund accounts."

{¶3} In March 2011, Ms. Randall filed a motion for contempt, charging that Mr. Randall had refused to pay some of their daughters' college expenses, including college application fees for Claire and cell phone, grocery, travel, and parking expenses for Leah. A magistrate of the domestic relations division found Mr. Randall in contempt for not paying certain expenses for Leah, but determined that he was not in contempt for failing to pay for Claire's college application fees because

she was not yet in college. The magistrate ordered Mr. Randall to reimburse Ms. Randall $1,180 for groceries, a parking pass, and a housing deposit that she had paid on behalf of Leah. In her decision, the magistrate noted that section 6(b) "should be interpreted in its broadest sense" and that "[w]hile the parties' daughters are enrolled in college, it is likely that the majority, if not all, of their expenses will reasonably relate to their undergraduate educations." Over the objection of Mr. Randall, the trial court adopted the magistrate's decision. Mr. Randall did not appeal the trial court's judgment with respect to this March 2011 contempt motion.

{¶4} Ms. Randall filed a second motion for contempt and attorney fees in October 2011. Ms. Randall alleged that Mr. Randall continued to refuse to pay the full amount of Leah's college expenses, including certain cell phone, prescription medicine, and travel expenses. Following a hearing, the magistrate found Mr. Randall to be in contempt for failing to pay medical expenses of $1,115.41, travel expenses of $1,189.20, and cell phone expenses of $983.08. Mr. Randall was ordered to reimburse Ms. Randall $3,287.69 to purge the finding of contempt. The magistrate also ordered Mr. Randall to pay Ms. Randall attorney fees of $3,659.39. The trial court adopted the magistrate's decision. We review the trial court's decision under an abuse of discretion standard. *Wolf v. Wolf*, 1st Dist. No. C-090587, 2010-Ohio-2762, ¶ 4.

{¶5} In his first assignment of error, Mr. Randall asserts that the trial court erred in finding him to be in contempt for failing to pay Leah's travel expenses, and in ordering that he reimburse these travel expenses at the standard IRS mileage rate. He argues that he already paid the actual travel expenses and, further, that the request for reimbursement at the IRS rate was barred under the doctrine of res judicata because it had been resolved in his favor at the prior hearing.

{¶6}    As an initial matter, there is no question that travel expenses are properly reimbursable.   Section 6(b) explicitly includes "travel" within the definition of "college expenses."  The question is the proper method to calculate such expenses.

{¶7}    Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous actions." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.  Our review of the record reveals that notwithstanding Mr. Randall's assertion to the contrary, the issue of the appropriate measure for reimbursement of travel expenses was not resolved at the March 2011 contempt hearing.   Although the issue was discussed during the proceeding, the magistrate did not rule on the issue.  Instead, the magistrate limited her decision, and the amount which Mr. Randall was required to reimburse Ms. Randall, to items that Ms. Randall had presented evidence of having paid—groceries, parking, and a housing deposit.  Further, in the contempt proceeding now before the court, the magistrate limited her award to travel expenses that had arisen *after* the date of the first contempt motion.  Because the issue presently at bar relating to travel expenses was not adjudicated in the prior proceeding, the court's contempt finding was not barred by res judicata.

{¶8}    The IRS standard rate is a per-mile reimbursement rate developed by the Internal Revenue Service that is designed to approximate the costs of operating a motor vehicle.  Rev.Proc. 2010-51, 2010-2 C.B. 883.   The IRS rate accounts for a car's depreciation, maintenance and repairs, gasoline, tires, oil, insurance, registration, and the like.  *Id.* at Sec. 4.02.   A taxpayer may either rely upon the IRS standard rate or substantiate the actual allowable costs of automobile travel.  *Id.* at Sec. 1.  The IRS rate is a long recognized method for ascertaining the

costs of travel, and we do not believe it was an abuse of discretion for the court below to rely upon the IRS rate.

{¶9}     Mr. Randall is correct, however, that it would impermissibly double-count travel expenses to require reimbursement for mileage at the IRS rate and to also require payment for the actual costs of travel.  Our review of the record indicates that Mr. Randall had already paid for $240 in gasoline.[1]  It appears that this gasoline was used to travel some of the mileage for which the magistrate ordered reimbursement at the IRS rate.  Because the IRS standard mileage rate accounts for gasoline cost, the magistrate should have credited Mr. Randall for the $240 he had paid for Leah's gasoline.  Therefore, we sustain the first assignment of error in part and reduce by $240 the amount that Mr. Randall must pay to purge the contempt.

{¶10}     Mr. Randall's second assignment of error is that the trial court erred when it held him in contempt for failing to reimburse Ms. Randall for Leah's cell phone expenses.  He contends that the issue was barred by res judicata because Ms. Randall had raised the issue of Leah's cell phone expenses in the March 2011 contempt proceeding.  But while Ms. Randall raised the issue in the earlier hearing, she did not submit evidence of the expense in that proceeding or otherwise pursue the matter.  As a consequence, the magistrate in that proceeding did not determine whether cell phone expenses were included within the parties' definition of "college expenses."  We conclude, therefore, that the issue was not barred by res judicata.

{¶11}     Mr. Randall also suggests that he should not have to pay cell phone expenses because there has been no showing that such expenses are related to a college education and because Leah would have incurred such expenses regardless of

---

[1] Mr. Randall also asserts in his brief that he alone paid for the purchase of Leah's automobile. We are unable to find evidence supporting this claim in the record, however.

whether she were enrolled in college. The definition of "college expenses" incorporated in the separation agreement goes beyond expenses directly related to a college education and includes items such as "wardrobe" and "maintenance." As the magistrate noted, the parties' agreement clearly envisions that Mr. Randall would pay certain expenses as "college expenses" regardless of the fact that such expenses would be incurred whether his daughters were in college or not. Mr. Randall did not appeal the trial court's earlier decision interpreting section 6(b) broadly. In light of the expansive language agreed upon by the parties, we conclude that the magistrate's decision to hold Mr. Randall in contempt for failing to pay for Leah's cell phone expenses was not an abuse of discretion. The second assignment of error is overruled.

{¶12} In his third assignment of error, Mr. Randall asserts that the trial court erred when it found him in contempt for failing to reimburse Ms. Randall for Leah's medical expenses while she was enrolled in college. He argues that some of the medical expenses were not reasonably related to college because Leah would have incurred the expenses regardless of whether she was in college. The magistrate concluded that the term "maintenance" encompassed medicine and medical care. Given the broad language of section 6(b), we are unable to conclude that the magistrate's determination was an abuse of discretion. The third assignment of error is overruled.

{¶13} In the final assignment of error, Mr. Randall asserts that the trial court erred when it awarded attorney fees to Ms. Randall in the amount of $3,659.39. It is within the discretion of a trial court to award attorney fees in a civil contempt proceeding. *State ex rel. Fraternal Order of Police v. Dayton*, 49 Ohio St.2d 219, 361 N.E.2d 428 (1977), syllabus. We review such an award for an abuse of

that discretion. *Lemarr v. Lemarr*, 1st Dist. No. C-100706, 2011-Ohio-3682, ¶ 13. Having reviewed the record, we conclude that the court did not abuse its discretion. The fourth assignment of error is overruled.

{¶14} We modify the trial court's order to credit Mr. Randall with $240 that he paid for Leah's gasoline. The amount that Mr. Randall must reimburse Ms. Randall to purge the finding of contempt is reduced to $3,047.69. The trial court's judgment as modified is affirmed.

Judgment affirmed as modified.

**HENDON, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry this date.